STATE of Missouri, Respondent,

v.

Tyree M. WILLIAMS,
Defendant/Appellant.

No. ED 92466.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 16, 2010.

Scott Thompson, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., James B. Farnsworth, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The defendant, Tyree M. Williams, appeals the judgment of the Circuit Court of the City of St. Louis following his conviction by a jury of first-degree robbery, in violation of section 569.020 RSMo. (2000), and armed criminal action, in violation of section 571.015.[1]

The defendant raises three points on appeal. We summarily deny two of these points, and find that an opinion reciting the detailed facts and restating the principles of law would have no precedential value. Rule 30.25(b). The parties have been provided with a memorandum, for their information only, setting forth the reasons for this decision.

The defendant's remaining point, however, requires our consideration in a published opinion. The defendant contends that the trial court erred in sentencing him as a persistent offender in its written judgment because the State never proved that the defendant qualified as a persistent offender. The State concedes the written judgment is in error. Therefore, we hold that the trial court erred in identifying the defendant as a persistent offender in its written judgment, and modify the judgment to reflect the defendant's status as a prior offender.

The State charged the defendant with first-degree robbery, in violation of section 569.020; armed criminal action, in violation of section 571.015; and resisting arrest, in violation of section 575.150 (Supp.2005). In the indictment, the State charged the defendant as a prior and persistent offend-

---

**1.** All statutory references are to RSMo. (2000) except as otherwise indicated.

er based on the defendant's pleas of guilty in 2001 to second-degree robbery and to possession of a controlled substance in 2002. The trial court found the defendant to be a prior offender and removed sentencing from the jury. The evidence at trial showed that the defendant and another person used a gun to rob a gas station. A jury found the defendant guilty of first-degree robbery and armed criminal action, but acquitted him of resisting arrest. The trial court sentenced the defendant to 25 years' imprisonment for the robbery and to a concurrent ten-year sentence for the armed criminal action. The written judgment identified the defendant as both a prior offender and a persistent offender, even though the State did not seek to prove, and the court did not find, that the defendant qualified as a persistent offender.

■ On appeal, the defendant claims that the trial court erred in sentencing him as a persistent offender in its written judgment because the State never proved that the defendant qualified as such. He admits that defense counsel did not object to the trial court's written persistent-offender designation, and now seeks plain-error review. The State concedes that the written judgment contains an erroneous finding that the defendant qualified as a prior offender.

■■ Rule 30.20 provides in relevant part that we may, in our discretion, consider plain errors affecting substantial rights when we find that manifest injustice or a miscarriage of justice has occurred. *State v. Morris*, 285 S.W.3d 407, 413 (Mo.App. E.D.2009). Plain errors are evident, obvious, and clear. *Id.* Where it appears that the trial court improperly sentenced the defendant as a prior or persistent offender, plain-error review is appropriate because an unauthorized sentence affects substan-

tial rights, resulting in manifest injustice. *Id.* at 414.

■ The State did not prove that the defendant qualified as a persistent offender, and the trial court did not find persistent-offender status. Thus, the trial court erred in entering a written judgment reflecting such status. Although the defendant has not established prejudice in that he did not receive an enhanced sentence, we recognize the possibility that other ramifications exist as a result of the defendant's sentence as a persistent offender, such as a possible effect on future parole eligibility. *Id.* We need not remand for re-sentencing, however, when we can appropriately correct the sentence. *Id.* Accordingly, we shall dispose finally of the case, and we modify the judgment and sentence to reflect the defendant's status as a prior offender. Rule 30.23. We affirm the judgment, as modified.

GLENN A. NORTON, P.J., and MARY K. HOFF, J., concur.